IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-153-RP |
| BRANDI K. STOKES, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are Plaintiff Commission for Lawyer Discipline's ("CLD") motions to remand, (Dkt. 11), and for sanctions, (Dkt. 12), as well as Defendant Brandi K. Stokes's ("Stokes") February 10, 2020, correspondence to the Court, (Dkt. 4), motion to "compel voir dire" of the undersigned, (Dkt. 5), motion to dismiss, (Dkt. 6), motion to vacate the Court's Order to supplement the record with state court pleadings, (Order, Dkt. 7; Mot., Dkt. 8); motion for de novo review of United States Magistrate Judge Mark Lane's denying her application to proceed in forma pauperis, (Text Order, Feb. 11, 2020; Mot., Dkt. 9), application for temporary restraining order and injunction, (Dkt. 19), and motion to declare certain orders of a state-court judge void, (Dkt. 20). In addition, Stokes has filed "running responses" to CLD's motions. (Dkt. 14, 15). Stokes, a lawyer, is proceeding pro se in this matter.

After considering the record—including this and related cases' procedural histories and Stokes's individual history as a litigant—as well as the facts and the relevant law, the Court grants CLD's motion to remand, denies all other motions as moot, and bars Stokes from filing in this Court without obtaining prior approval from a federal district or magistrate judge.

Stokes also filed a motion to disqualify the undersigned and Judge Lane. (Dkt. 3). Though the Court arguably does not have jurisdiction to consider this case, as discussed below, the Court

transferred the case to Chief Judge Orlando L. Garcia for the purpose of deciding the motion to disqualify. (Order, Dkt. 17, at 1 (citing *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028 (5th Cir. 1998)). On March 9, 2020, Chief Judge Garcia issued an order denying Stokes's motion and transferring the case back to the undersigned's docket. (Dkt. 21).

> In his Order, Judge Garcia also outlined this and related cases' procedural history as follows:
>
> In this case, Defendant has attempted to remove a state-court disciplinary suit against her brought by the Commission for Lawyer Discipline. . . . The Court's records indicate that this is just one of many cases in which Defendant has tried to remove similar cases to federal court, purportedly pursuant to the Geneva Convention and/or other inapplicable doctrines. *See, e.g., Commission for Lawyer Discipline v. Stokes,* No. 1: 18-cv-323-RP (W.D. Tex. October 23, 2018); *Commission for Lawyer Discipline v. Stokes,* No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018); *see also Stokes v. Corsbie et al.,* No. 1: 17-cv-00115-RP (W.D. Tex. December 20, 2017) (docket no. 34); *Stokes v. Corsbie et al.,* No. 1:17-cv-00116-RP (W.D. Tex. December 20, 2017) (docket no. 23); *Stokes v. Sulak,* No. 1: 17-cv-01 044-RP (W.D. Tex. July 26, 2018).
>
> On January 27, 2020—in a separate case involving Defendant—Judge Pitman issued an order adopting Judge Lane's Report and Recommendation that the case be remanded for lack of subject matter jurisdiction. *Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018) (docket no. 26). In addition, Judge Pitman's prior order warned Defendant that "additional frivolous filings or filings made for an improper purpose will likely lead to sanctions." *Id.*

(Dkt. 21 at 1–2). In fact, this case is the same state case (No. D-1-GN-18-000502) as the one the Court previously considered in *Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP.

There is no meaningful difference between Stokes's claims in this case at the time it was previously remanded and the ones she raises now. The reasoning previously explained in Judge Lane's report and recommendation and the undersigned's Order adopting it in *Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP[1] applies with equal force here. Repeatedly, the Court has determined that it lacks subject-matter jurisdiction over Stokes's claims and has warned Stokes that continuing the same practices may result in sanctions. And repeatedly, Stokes—a Texas-licensed lawyer—has contumaciously attempted to evade these orders' effects.

---

[1] (R&R, Dkt. 20; Order, Dkt. 26).

2

Accordingly, **IT IS ORDERED** that CLD's motion to remand, (Dkt. 11), is **GRANTED**. This case shall be **REMANDED** to the 419th Civil District Court of Travis County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions or requests for relief in this case are **MOOT**.

**IT IS FINALLY ORDERED** that Stokes is **BARRED FROM FILING** complaints, removing cases, or otherwise initiating litigation in the Western District of Texas without obtaining prior approval from a federal district or magistrate judge in the District. Stokes may not file anything further in this case except, if she chooses, a notice of appeal (subject to the limits imposed by 28 U.S.C. § 1447(c)–(d) and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)).

**SIGNED** on March 10, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE